**Jeffrey B. HEALY, Petitioner–Appellant,**

v.

**Thomas MADDOCK, Director; Attorney General State of California, Respondent–Appellee.**

No. 00–56184.

D.C. No. CV–98–00870–VAP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 2001.

Decided April 9, 2001.

Before FERGUSON, SILVERMAN, Circuit Judges, and BREYER,* District Judge.

MEMORANDUM **

Jeffrey Healy appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his sentence imposed following his California convictions for 37 counts of battery and one count of torture. We have jurisdiction pursuant to 28 U.S.C. 2253[1] and affirm. Because the parties are

---

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Because Healy filed his habeas petition on February 5, 1998, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)

aware of the facts, we will not recite them in detail.

■ We review de novo the district court's decision to deny the petition for writ of habeas corpus. *Eslaminia v. White*, 136 F.3d 1234, 1236 (9th Cir.1998). We analyze this ineffective assistance of counsel claim to determine whether the state court's decision was an unreasonable application of clearly established law. 28 U.S.C. 2254(d); *Weighall v. Middle*, 215 F.3d 1058, 1062 (9th Cir.2000). An unreasonable application of law exists only if the state court clearly erred. *Van Tran v. Lindsey*, 212 F.3d 1143, 1153–54 (9th Cir.), *cert. denied*, 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000). We first consider whether the state court erred. If the state court erred, we consider whether the error "involved an unreasonable application of controlling law within the meaning of § 2254(d)." *Id.* at 1155.

■ Healy argues that counsel was ineffective at sentencing because, he alleges, counsel failed to hire the right kind of psychologist to present mitigating evidence at sentencing. To prevail in his ineffective assistance claim, Healy must show that counsel's representation fell below an objective standard of reasonableness and that he was prejudiced. *Strickland v. Washington*, 466 U.S. 668 687–88,694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The state court did not err in holding that defense counsel's performance did not fall below an objective standard of reasonableness. Counsel thoroughly investigated Healy's medical history and hired Dr. Beiley. Dr. Beiley, a psychologist who counsel had employed in the past, was an experienced practitioner whose practice included neuropsychology. Dr. Beiley reported to counsel the results of his testing of Healy: possible minimal brain damage, and Healy is a hostile, suspicious, violent, sadistic psychopath who loves violence and pain and hates women. Counsel's tactical decision to not further pursue that avenue, because it could been seen as more aggravating than mitigating, was not an unreasonable professional judgment. Healy's present attack on the qualifications of Dr. Beiley misses the mark. The issue is not whether a "better" psychologist could have been found. The issue is whether counsel was ineffective in hiring Dr. Beiley. We analyze ineffective of assistance of counsel claims from counsel's perspective at the time of the representation, not after-the-fact. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. The record supports the finding that counsel's decisions to hire Dr. Beiley and to not pursue further the brain injury question were not below the standard of care. Because the state court did not err in holding that counsel was not ineffective, its decision did involve an unreasonable application of clearly established federal law.

AFFIRMED

applies. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).